# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARC SHULMAN, SANFORD
PASSER, STEM CELL GROWN, INC.,
and SCG OF MICHIGAN, LLC,

    Plaintiffs,

                         Case No. 13-CV-12203-DT

v.

                         HONORABLE DENISE PAGE HOOD

BARBARA CZERSKA,

    Defendant.
_____/

## ORDER REGARDING MOTIONS
## and
## ORDER DISMISSING ACTION

**I.    BACKGROUND**

This is the second time this action has come before the Court. The first action, Case No. 11-10983, was dismissed on February 29, 2012 without prejudice based on Plaintiffs' Motion to Voluntarily Dismiss the case. (Case No. 11-10983, Doc. No. 31)[1]

The instant action was removed by Defendant Barbara Czerska, M.D. ("Czerska") from the Oakland County Circuit Court, State of Michigan on May 17, 2013. Plaintiffs Marc I. Shulman ("Shulman"), Sanford Passer ("Passer"), Stem Cell

---

[1] Case No. 11-10983 was originally assigned to the Honorable Gerald E. Rosen and then reassigned to the undersigned.

Growth, Inc. ("SCG, Inc.") and SCG of Michigan, LLC ("SCG Michigan") (collectively, "Plaintiffs") allege a libel claim against Czerska in Count I and interference with advantageous business relationships in Count II. Shulman asserts that Czerska confiscated Shulman's cellular phone and then used the information and forwarded messages containing false and statements about Shulman to various business associates which resulted in the termination of various contracts and agreements Shulman had with certain businesses.

This matter is before the Court on Plaintiffs' Motion to Remand, Czerska's Motion to Dismiss for Lack of Personal Jurisdiction and Czerska's Motion for Sanctions. Briefs have been filed and a hearing held in this matter.

## II.   ANALYSIS

### A.   Motion to Remand filed by Plaintiffs

Plaintiffs argue that because Czerska is a member of SCG of Michigan, Czerska is considered a resident of Michigan. Czerska responds that Judge Gerald E. Rosen has ruled on this issue in the first case against Plaintiffs. Czerska also argues that Plaintiffs do not submit any documentation to support their assertion that Czerska is a member of SCG of Michigan.

As to the diversity issue, in the first case, Judge Rosen ruled that there was complete diversity and that this Court had subject matter jurisdiction over the action.

The allegations in the second complaint are the same as in the first Complaint. Judge Rosen's ruling applies in this case that Czerska is a resident of Florida and that the Court has subject matter jurisdiction over the claims. Plaintiffs have not shown that Czerska is a citizen of Michigan to defeat the Court's subject matter jurisdiction based on diversity.

### B. Motion to Dismiss

#### 1. Lack of Personal Jurisdiction.

Rule 12(b)(2) provides dismissal for lack of jurisdiction over a person. Fed. R. Civ. P. 12(b)(2). When the issue of personal jurisdiction is raised, the burden of proof rests upon the party asserting jurisdiction. *Market/Media Research, Inc. v. Union-Tribune Publishing Co.*, 951 F. 2d 102, 104 (6th Cir. 1992). This burden can be met by establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002) (quotation and citation omitted). The facts will be construed in the light most favorable to the nonmoving party. *Id.* The court need only determine whether a plaintiff presented a *prima facie* showing of jurisdiction on the face of the complaint. *Market/Media Research, Inc.*, 951 F. 2d at 104. This may include the pleadings and any affidavits to support any factual allegations. *Id.* Dismissal is warranted only if all the facts plaintiff asserts

"collectively [fail] to state a *prima facie* case for jurisdiction." *Id.* at 105. A district court is not required to hold an evidentiary hearing when a plaintiff's pleadings and affidavits are insufficient to make a *prima facie* showing of fact supporting the court's assertion of *in personam* jurisdiction. *Id.* at 106.

In analyzing Michigan's long-arm statute, Michigan courts have construed the statute to bestow the greatest possible grant of personal jurisdiction consistent with due process. *See Sifers v. Horen,* 385 Mich. 195, 1999 (1971). Where a state's long-arm statute extends to the constitutional limits of the Due Process Clause, the two inquiries merge; courts must only determine whether an assertion of personal jurisdiction over the defendant violates the Due Process Clause. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir.1996). Based on Supreme Court cases, *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945), *Hanson v. Denckla,* 357 U.S. 235, 253 (1958), *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985), and *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295 (1980), the Sixth Circuit has set forth a three-part test to determine whether due process requirements have been met :

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

4

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997) (known as the *Mohasco* factors set forth in *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)).  It is noted that in the first case, Judge Rosen ordered limited discovery on the personal jurisdiction issue.  The issue was not addressed in the first case prior to the voluntary dismissal by Plaintiffs.

Addressing the first factor above, Plaintiffs have not shown in the Complaint or the limited discovery previously held in the dismissed case that Czerska availed herself as to the allegations set forth in the Complaint. There is no dispute that Czerska moved to Florida in 2009 and that the Complaint alleges she is employed in Florida. (Comp., ¶ 5)  The business at issue is a stem cell research entity involved with the University of Miami.  Plaintiffs have failed to show that Czerska was a member of any entity in Michigan as alleged by Plaintiffs.  There were no meetings in Michigan of the alleged entity and the only bank account of any entity is in Florida. (Ex. E to Doc. No. 12)  The affidavits submitted by Plaintiffs appear to be false, and accompanied by unsigned, blank documents. None of the documents submitted shows that Czerska signed the formation documents for SCGI.  It was not until May 7, 2013 that SCG of Michigan was in good standing after Passer filed documents to restore it. (Ex. B, Doc. No. 12)  There is no showing that Czerska availed herself in Michigan as to the allegations in the Complaint.

As to the cause of action arising in Michigan, there is no dispute that Czerska is a resident of Florida. The Complaint alleges no facts as to where Czerska "confiscated" Shulman's cellular telephone and to whom and where Czerska forwarded the messages which allege Shulman's bad character and misconduct. The Complaint also alleges no facts as to how and where Czerska interfered with Plaintiffs' contractual and advantageous business expectations and relationships. The Complaint sets forth no facts that show the causes of action arose in Michigan.

Because there are no facts alleged in the Complaint as to where and when any of the causes of action arose, Plaintiffs cannot show that any act by Czerska has substantial enough connection with Michigan to make the exercise of jurisdiction over Czerska reasonable. Plaintiffs have not met their burden that this Court has personal jurisdiction over Czerska.

### 2. Failure to State a Claim

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to

6

raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Even if the case was properly before the Court, the Court finds Count II must be dismissed. Czerska asserts the Complaint in Count II fails to allege a third party, other than Czeska herself, to which Plaintiffs had a relationship with and Czerska interfered with. See, *Cook v. Little Caesar Enterprises, Inc.,* 972 F.Supp. 400, 414-15 (E.D. Mich. 1997). A party cannot tortiously interfere with its own contract or relationship. *Willis v. New World Van Lines, Inc.,* 123 F.Supp.2d 380, 396 (E.D. Mich. 2000). Because Count II fails to allege a third party, the tortious interference of a business relationship must be dismissed.

    **C.    Rule 11 Sanctions**

Czerska seeks Rule 11 sanctions claiming the current complaint is frivolous and meant to harass her. This is the second action filed by Plaintiffs against Czerska.

It appears Czerska has not followed the requirements under Rule 11 which states that a motion for sanctions must be made separately from any other motion and

must be served, without filing, 21 days prior to filing the motion. Fed. R. Civ. P. 11(c)(2). On August 13, 2013, Lauren B. Tritt filed an affidavit indicating that she was never served with the pending motion prior to the date the motion was filed. Based on this affidavit, the Court denies the Motion for Sanctions without prejudice.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Remand **(Doc. No. 6)** filed by Plaintiffs is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss for Lack of Personal Jurisdiction **(Doc. No. 2)** is GRANTED, for Improper Venue is MOOT, and for Failure to State a Claim is GRANTED.

IT IS FURTHER ORDERED that the Motion for Sanctions **(Doc. No. 13)** is DENIED without prejudice.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 31, 2013

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.

                         s/LaShawn R. Saulsberry
                         Case Manager